924 F.2d 1063
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marc Francis RICHARDS, Defendant-Appellant.
 No. 88-5414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1990.*
Decided Feb. 4, 1991.
 Before JAMES R. BROWNING, KILKENNY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richards appeals his conviction following a bench trial on five counts of unarmed bank robbery (18 U.S.C. Sec. 2113(a)), one count of armed bank robbery (18 U.S.C. Sec. 2113(a), (d)), and one count of using a firearm in a crime of violence (18 U.S.C. Sec. 924(c)). He argues on appeal that his waiver of Miranda rights, confession and consent to search were invalid because they were the products of his drug-induced intoxication. We disagree and affirm.
 
 
 3
 With respect to the question whether Richards' waiver of his Miranda rights and his confession were voluntary, reviewing de novo, see United States v. Wolf, 813 F.2d 970, 974 (CA9 1987), we find no error in the district court's holding that the appellant's acts were the products of a free and deliberate choice.
 
 
 4
 In Colorado v. Connelly, 479 U.S. 157 (1986), the Supreme Court made crystal clear that coercive police activity is a necessary predicate to the finding that a confession is not "voluntary" within the meaning of the due process clause. Id. at 170. Here, there is absolutely no evidence of police activity of any kind, coercive or otherwise. Richards' only claim is that he was under the influence of drugs when he waived his rights and made the confession. Unlike the situation in Townsend v. Sain, 372 U.S. 293 (1963), cited and discussed in Connelly, 479 U.S. at 165, any drugs which the appellant may have taken were not administered by the police and do not implicate any element of coercion. Consequently, the Miranda rule did not apply here. See id. at 170.
 
 
 5
 Even allowing for some degree of drug-related intoxication on Richards' part, however, the totality of circumstances clearly supports the fact-finder's conclusion that the appellant had acted voluntarily. See United States v. Bernard S., 795 F.2d 749, 751 (CA9 1986) (Miranda waiver); United States v. Leon Guerrero, 847 F.2d 1363, 1365-66 (CA9 1988) (confession); see also Medeiros v. Shimoda, 889 F.2d 819, 823 (CA9 1989) (drug-induced statement not per se involuntary), cert. denied, 110 S.Ct. 3219 (1990).
 
 
 6
 Richards has also failed to show that his waiver was not knowing and intelligent. Applying the clearly erroneous standard, see Wolf, 813 F.2d at 975 n. 16, there is no clear error in the district court's finding that Richards was rational and coherent and therefore knowingly and intelligently waived his Miranda rights.
 
 
 7
 As for the voluntariness of the consent to search, we find no clear error in the district court's holding that the consent had been freely given. See United States v. Lindsey, 877 F.2d 777, 783 (CA9 1989). Considering the amount of time involved between Richards' first and second ingestions of drugs on the one hand, and the time when he consented to the search, coupled with the testimony of Agent Agers as to the degree of lucidity displayed by Richards at the time, we cannot say that the totality of the circumstances, viewed in the light of most favorable to the fact-finder's decision, supports the appellant's position. See id.
 
 
 8
 Accordingly, the judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3